**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SELVIN R. CUNNINGHAM, | ) | CASE NO. 1:13-CV-372 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| BENNIE KELLY, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner Selvin R. Cunningham ("Cunningham"), challenges the constitutionality of his conviction in the case of *State v. Cunningham*, Lake County Court of Common Pleas Case No. 2005-CR-675.  Cunningham, *pro se*, filed a Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 on February 20, 2013.  On January 16, 2014, Warden Bennie Kelly ("Respondent") filed a Motion to Dismiss arguing the petition is time-barred.  (ECF No. 9.) Cunningham filed a response on March 18, 2014.  (ECF No. 11.)  Respondent filed a reply on March 20, 2014.  (ECF No. 12.)  For reasons set forth in detail below, it is recommended that grounds one and three be DISMISSED as time barred, and ground two DENIED as without merit.

**I.  Procedural History**

**A.  Conviction**

On November 2, 2005, a Lake County Grand Jury charged Cunningham with one count

of failure to comply with order or signal of police officer in violation of Ohio Revised Code

("O.R.C.") § 2921.331(B), one count of receiving stolen property in violation of O.R.C. §

2913.51(A), one count of possessing criminal tools in violation of O.R.C. § 2923.24, one count

of burglary in violation of O.R.C. § 2911.12(A)(3), and one count of breaking and entering in

violation of O.R.C. 2911.13(B).  (ECF No. 9-1, Exh. 1.)

Prior to trial, Cunningham, *pro se*, was appointed "stand-by" counsel.  (ECF No. 9-1,

Exh. 3.)  On January 23, 2007, a jury found Cunningham guilty as charged.  (ECF No. 9-1, Exh.

5.)  On January 24, 2007, Cunningham was sentenced to a term of five years incarceration on

count one, eighteen months on count two, one year on count three, and five years on count four.

*Id*.  The sentences were to be served consecutively for an aggregate term of 12.5 years.[1]  *Id*.

**B.   Direct Appeal**

On February 21, 2007, Cunningham, through counsel, filed a Notice of Appeal with the

Court of Appeals for the Eleventh Appellate District ("state appellate court") raising the

following assignments of error:

   I.   The Trial Court erred in not granting Appellant's Motion for Acquittal on
        the Charge of Failure to Comply With Order or Signal of Police Officer in
        violation of R.C. 2921.331(C)(5)(a)(ii).

   II.  There was insufficient evidence for the jury to find the Appellant guilty of
        Failure to Comply with Order or Signal of Police Officer in Lake County or
        as part of a course of criminal conduct that included elements that occurred
        in Lake County.

   III. The Trial Court erred in giving the jury instruction on venue regarding the
        charge of Failure to Comply with Order of Police Officer.

---

[1] Count five merged with count four for the purpose of sentencing. (ECF No. 9-1, Exh.
5.)

IV.   The finding of guilty on the charge of Failure to Comply was against the manifest weight of the evidence.

V.    The finding of guilty on the charge of receiving stolen property was against the manifest weight of the evidence and not supported by sufficient evidence.

VI.   The finding of guilty on the charge of possession of criminal tools was against the manifest weight of the evidence and was not supported by sufficient evidence.

VII.  It was reversible error for the trial court to allow testimony by police officers to describe what was shown on videotape and to give opinion testimony identifying Appellant.

(ECF No. 9-1, Exhs. 6 & 7.)

On March 17, 2008, Cunningham's conviction was affirmed.  (ECF No. 9-1, Exh. 11.)

No appeal was filed with the Supreme Court of Ohio.

**C.    Application to Reopen Appeal**

On June 16, 2008, Cunningham, *pro se*, filed an application to reopen pursuant to Ohio

Appellate Rule 26(B), raising the following assignments of error:

1.    Since Appellate Counsel failed to raise abuse of Trial Court Discretion, discretion that is proven by the fact the <u>trial court replaced two of the seated jurors without just cause</u> on the record which in retrospect, caused serious damage and sever [sic] prejudice to the defense of Appellant/Defendant.

2.    Another argument that the appellant['s] counsel failed to raise was the issue of <u>Double Jeopardy</u>. Appellant states that he was indicted, convicted and sentenced for the same failure to comply with the order or signal of the police offense in both Cuyahoga County and Lake County… which was clearly a violation of both his U.S. and Constitutional Rights.

(ECF No. 9-1, Exh. 12.)

On September 23, 2008, the motion to reopen was denied.  (ECF No. 9-1, Exh. 13.)  Over

three weeks after the denial, Cunningham filed an "Amended Pleading to App. R. 26(B),"

wherein Cunningham sought to raise supplemental errors.  (ECF No. 9-1, Exh. 14.)  On

December 8, 2008, the state appellate court denied Cunningham's proposed amendment,

indicating that its adjudication was final and that the amendment would have been untimely even

if the original application were still pending.  (ECF No. 9-1, Exh. 15.)

**D.    Post-Conviction Relief**

On April 28, 2010, Cunningham, *pro se*, filed a Motion to Vacate and Correct Void

Sentence.  (ECF No. 9-1, Exh. 16.)   Therein, he argued that because the jury verdict forms did

not specify the degree of the offenses, he could only be convicted of the lowest possible degree

pursuant to O.R.C. § 2945.75(A)(2).[2]  *Id.*  In its response, the State conceded Cunningham's

argument as it related to count two, receiving stolen property, but opposed the remainder of his

claims.  (ECF No. 9-1, Exh. 17.)  Consequently, on June 30, 2010, the trial court granted the

motion only as to count two.  (ECF No. 9-1, Exh. 19.)  A resentencing hearing was scheduled for

August 19, 2010.  *Id.*

On July 20, 2010, Cunningham, *pro se*, appealed the trial court's denial of his motion for

post-conviction relief as it applied to counts one, three, four, and five.  (ECF No. 9-1, Exhs. 20 &

21.)  In addition, Cunningham raised a related yet new argument that the verdict forms for each

count were "insufficient and unsupported by sufficient evidence."  *Id.*

---

[2]  The Ohio Supreme Court explained in *State v. Pelfrey*, 112 Ohio St. 3d 422, 425,
2007-Ohio-256, 860 N.E.2d 735 (Ohio 2007) that "R.C. 2945.75(A) plainly requires that
in order to find a defendant guilty of 'an offense * * * of more serious degree,' the guilty
verdict must either state 'the degree of the offense of which the offender is found guilty'
or state that 'additional element or elements are present.'  R.C. 2945.75(A)(2) also
provides, in the very next sentence, what must occur if this requirement is not met:
'Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the
offense charged.'  When the General Assembly has written a clear and complete statute,
this court will not use additional tools to produce an alternative meaning."

On July 28, 2010, Cunningham filed a motion with the trial court requesting a stay of the previously scheduled resentencing hearing until the state appellate court rendered a decision. (ECF No. 9-1, Exh. 22.)  On August 9, 2010, the trial court granted the motion to stay and the resentencing scheduled for August 19, 2010 was canceled.  (ECF No. 9-1, Exh. 23.)

On September 7, 2010, the state appellate court dismissed Cunningham's appeal, indicating there was no final appealable order until a resentencing occurred.  (ECF No. 9-1, Exh. 24.)

The trial court appointed counsel to represent Cunningham at a December 2, 2010 hearing. (ECF No. 9-1, Exh. 25.)  Cunningham was also present.  After discussion, it was discovered that the conviction on count two, receipt of stolen property, was deficient in that it was signed by only eleven jurors.  *Id.*  As such, the conviction for count two was vacated in its entirety along with the corresponding eighteen month sentence.  The resentencing hearing was deemed moot. *Id.*

Thereafter, on December 30, 2010, Cunningham, *pro se*, filed a Notice of Appeal (ECF No. 9-1, Exh. 26.)  Cunningham repeated his previously raised assignments of error and also complained that he was excluded from an in-chambers conversation held on December 2, 2010. *Id.*  On September 3, 2011, the state appellate court affirmed the trial court's decision.  (ECF No. 9-1, Exh. 30.)

On September 30, 2011, Cunningham filed a *pro se* appeal with the Ohio Supreme Court. (ECF No. 9-1, Exh. 31.)  The appeal was dismissed as not involving any substantial constitutional question.[3]  (ECF No. 9-1, Exh. 34.)

---

[3] Cunningham's remaining state court filings are not pertinent to the statute of limitations issue.

-5-

**E.    Federal Habeas Petition**

On February 20, 2013, Cunningham filed a Petition for Writ of Habeas Corpus and

asserted the following grounds for relief:

> GROUND ONE:  ORC 2945.75 (A)(2) mandates the course of the trial court
> when a guilty verdict form signed by a jury does not include the degree of the
> offense or that such additional element(s) are present [sic].

> GROUND TWO:  The Trial Court violated Petitioners Sixth Amendment right to
> Self-Repersentation [sic], and Petitioners right to conflict free Counsel as
> guaranteed by the Sixth Amendment to the United States Constitution.

> GROUND THREE: The Trial Court Erred in denying Petitioners Original Action
> in Prohibition, based on the Respondents Motion to Dismiss without opinion.

(ECF No. 1.)

## II.  Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The

relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of
> an application for a writ of habeas corpus by a person in custody
> pursuant to the judgment of a State court.  The limitation period
> shall run from the latest of–

>> (A) the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for
>> seeking such review;

>> (B) the date on which the impediment to filing an application
>> created by State action in violation of the Constitution or laws
>> of the United States is removed, if the applicant was
>> prevented from filing by such State action;

>> (C) the date on which the constitutional right asserted was
>> initially recognized by the Supreme Court and made
>> retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

## A.    One-Year Limitation

In the instant action, Respondent asserts that Cunningham's petition is time-barred. Respondent contends that the statute of limitations commenced on May 2, 2008, forty-five (45) days after Cunningham's appeal was dismissed and the time to file an appeal with the Supreme Court of Ohio expired.[4]  (ECF No. 9 at 9.)  Thereafter, Respondent argues, the statute of limitations continued running until June 16, 2008, when Cunningham filed his application to reopen.  (ECF No. 9 at 9.)

While Cunningham's application to reopen was pending, the statute of limitations was tolled, as AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003).  "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely

---

[4] Ohio Supreme Court Practice Rule II § 2 requires appeals to be perfected within 45 days.  Here, a timely appeal would have been due on May 1, 2008.

under state law." *Id.*

After the state appellate court denied Cunningham's application to reopen on September 23, 2008, the state of limitations resumed running for another 320 days until it expired on or about August 10, 2009.[5] Although Cunningham filed an "Amended Pleading to App. R. 26(B)" a few weeks after the court's ruling, only "properly filed" applications for postconviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 3 (2007); *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely")*; Monroe v. Jackson*, 2009 WL 73905, *2, Case No. 2:08cv1168 (S.D. Ohio Jan. 8, 2009). Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling. *See Monroe* at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007). On December 8, 2008, the state appellate court found that Cunningham's proposed amendment was improper as its previous adjudication was final and, in any event, would have been untimely. (ECF No. 9-1, Exh. 15.) As such, the statute of limitations did not toll while it was pending. However, even if tolling was allowed, the petition would still be rendered untimely as the statute of limitations would have expired on or about October 26, 2009.[6]

Cunningham's next state court filing, a motion to vacate void sentence, did not occur until

---

[5] August 9, 2009 – the actual expiration date – was a Sunday.

[6] Using the date of December 9, 2008, as the day the statute of limitations resumed running, the actual expiration date would be October 24, 2009 – a Saturday.

April 28, 2010.  (ECF No. 9-1, Exh. 16.)  This filing, however, could have no effect on the statute of limitations which had already expired.  A timely filed state post-conviction matter cannot serve to toll a statute of limitations which has already expired before the motion was filed.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).  Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Vroman*, 346 F.3d at 602 (citation omitted).

Therefore, unless equitable tolling is appropriate or Cunningham is entitled to begin calculating the statute of limitations from an alternative date, his petition should be dismissed as time-barred.  Nonetheless, the Court recognizes that a "resentencing" can sometimes alter when the statute of limitations begins to run.  It is Respondent's position that there was no "resentencing," and, therefore, the statute of limitations had already expired when Cunningham filed the instant petition.  (ECF No. 9 at 27.)

Cunningham's first ground for relief argues that the verdict forms for counts one 1, 3, 4, and 5 did not include the degree of the offense or additional elements and, therefore, under Ohio law, he could only be sentenced for the lowest possible degree of the offenses charged.  His third ground for relief argues that the trial court erred in denying his "Original Action in Prohibition."[7] (ECF No. 1.)  However, a review of Cunningham's "Original Action in Prohibition" reveals that it raises the same argument advanced in ground one.  As such, these two grounds both challenge Cunningham's underlying convictions and not the modification or resentencing that occurred in

---

[7] It is doubtful that these ground for relief even raise cognizable federal habeas claims, as they appear to allege violations of state law.

December of 2010.  (ECF No. 9-1, Exh. 35.)

In *Linscott v. Rose*, 436 F.3d 587, 591 (6ᵗʰ Cir.2006), the Sixth Circuit explained that "the one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final, rather than the date that the original conviction became final."  As explained in *Bachman v. Bagley*,  487 F.3d 979, 882 (6ᵗʰ Cir. 2007), the *Linscott* holding "expressly restricts itself to petitions that challenge the resentencing decision itself—that is, to petitions that bring legal challenges to the same event that causes the restarting of the statute of limitations clock."  The *Bachman* court found a petitioner's designation as a sexual predator started the running of a ne[w] statute of limitations period with respect to challenges to the sexual predator designation only – not with respect to challenges to his underlying conviction..."  *Id*. at 893-894.  "Sixth Circuit precedent dictates ... that courts determine the beginning of the one-year statute of limitations period based on the content of the prisoner's claim."  Under *Bachman*, Cunningham can only challenge the action that occurred at the December 2, 2010 hearing.  Nonetheless, some district courts have questioned whether *Bachman* remains good law:

> Problematically, *Bachman*'s holding and the claim by claim approach is not congruous with the findings of the Supreme Court made a few months earlier that same year.  In January 2007, shortly before the May 2007 date on which *Bachman* was decided, the Supreme Court issued its ruling in *Burton v. Stewart*. 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).  In *Burton*, the Supreme Court provides insight on what constitutes finality in re-sentencing cases.  In *Burton*, the petitioner was re-sentenced and alleged that he should have been permitted to present two distinct habeas petitions because each petition challenged a different judgment. *Id*. at 155.  The Supreme Court rejected the petitioner's argument, finding that the re-sentencing judgment was the only relevant judgment for purposes of determining the statute of limitations under § 2244(d)(1)(A). *Id*. at 156.  The Court further explained that under § 2244(d) (1)(A), "a final judgment in a criminal case means sentence.  The sentence is the judgment." *Id*.  Accordingly, the Supreme Court held that the limitation period under the AEDPA did not begin

-10-

until both his conviction and re-sentencing became final. *Id*. at 156–57 .

> In light of *Burton*, several courts within the Sixth Circuit have questioned *Bachman*'s precedential value and other courts have abandoned the claim by claim approach when determining the limitations period in re-sentencing cases. *See Bennett v. Wolfenbarger*, 2010 U.S. Dist. Lexis 54369 (N.D.Ohio 2010) (questioning whether *Bachman* has been undermined by *Burton*); *see also Johnson v. Warden*, 2010 U.S. Dist. Lexis 72968*16 (S.D.Ohio 2010) (finding that the Sixth Circuit's discussion in *Bachman* about the effect of re-sentencing no longer carries precedential weight); *see also Cookman v. Barone*, 2009 U.S. Dist. Lexis 124169 *8 (E.D. Pa.2009) (rejecting Third Circuit's claim by claim approach and instead applying analysis supported by *Burton*); *see also Hess v. Schriro*, 651 F.Supp.2d 1004, 1020 (D. Ariz.2009) (rejecting the Sixth Circuit's claim by claim approach). Relying on *Burton*, several courts have now held that "when a petitioner has been re-sentenced ... it is the underlying conviction and the most recent sentence authorizing the petitioner's detention that, taken together, constitute the relevant judgment for statute of limitations purposes." *Johnson*, 2010 U.S. Dist. Lexis 72968 * 18 (providing a comprehensive list of cases that apply *Burton*'s finding to resentencing cases).

*Simmons v. Gansheimer*, 2010 WL 6783820 at **8-9 (N.D. Ohio, Nov. 19, 2010).

While the Court recognizes the concerns expressed above, the Sixth Circuit, in *Rashad v. Lafler*, 675 F.3d 564 (6th Cir, 2012), explained that *Burton* and *Bachman* are not inherently inconsistent. The petitioner in *Rashad*, on direct appeal, had his conviction affirmed but his sentence reversed. *Id*. at 566. Rashad had to wait more than ten years for his resentencing, from 1993 to 2004, but was still on ***direct appeal*** when he challenged his new sentence. *Id*. Likewise, in *Burton*, "[a] jury convicted Burton of rape, robbery and burglary in 1994. The state appellate courts affirmed his conviction but vacated his sentence, and the trial court resentenced him in March 1998." *Id*. at 568. As such, the *Burton* resentencing also occurred as the result of a direct appeal.[8] Cunningham, as the petitioner in *Bachman*, is not similarly situated to the petitioners in

---

[8] This was further clarified in *Mackey v. Warden, Leb. Corr. Inst.*, 525 Fed. App'x. 357, 363 (6th Cir. 2013) ("In both *Burton* and *Rashad*, the petitioners' one-year federal habeas statutes of limitations ran from their state court resentencing dates, not their original

*Burton* and *Rashad* as they were not resentenced pursuant to a direct appeal.

> *Bachman* differs from today's case [and *Burton*] because the state appellate courts affirmed Bachman's conviction *and his sentence* on the first round of direct review. His judgment thus became final upon the conclusion of that first round of direct review, *Burton*, 549 U.S. at 156–57, 127 S.Ct. 793, and he could not use his subsequent designation as a sexual predator to reopen his final conviction. Here, by contrast, Rashad's judgment did not become final after his first round of direct review because he no longer was subject to a sentence. The judgment became final upon the conclusion of direct review of the new sentence he received at resentencing.

*Rashad*, 675 F.3d 564 (emphasis in original).

Here, as in *Bachman*, Cunningham's conviction *and* sentence were both affirmed upon direct review. His sentence, or a portion thereof, was only vacated upon collateral review. *Bachman*, reaffirmed by the Sixth Circuit in *Rashad*, remains valid and binding upon this Court. As such, grounds one and three are barred by the statute of limitations as they relate to his underlying conviction and were not revived by any subsequent modification of his sentence.

**B. Factual Predicate**

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date. Cunningham does not argue that the factual predicate of his claims were not discovered until a later date. However, the pleadings of *pro se* prisoners are liberally construed and held to a less

_____

sentencing dates.... Although the habeas petitioners in *Burton* and *Rashad* were also resentenced in state court, those cases are materially distinguishable from this case [as those petitioners] ... obtained appellate vacation of their sentences **in direct criminal appeals on the merits** while proceeding as defendant-appellants in their respective state court systems and were subsequently resentenced on remand.") (emphasis added, internal citations omitted).

-12-

stringent standard. *See, e.g., McNeil v. United States*, 508 U.S. 106, 113 (1993); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

The question remains whether ground two, which does relate to his sentencing modification or resentencing, is time-barred. In ground two, Cunningham challenges his exclusion from an in-chambers discussion between the trial court judge, the prosecutor, and a court appointed attorney that occurred during the December 2, 2010 hearing.[9] (ECF No. 1.) Thus, the factual predicate of his claim in ground two, irrespective of its merits, did not arise until the hearing. Thereafter, Cunningham timely raised this argument on appeal before both the state appellate court and the Ohio Supreme Court, the latter dismissing the appeal on February 22, 2012 as not involving any substantial constitutional question. (ECF No. 9-1, Exhs. 26-28, 31 & 34.) As Cunningham's habeas petition was filed less than a year later, his claim in ground two is timely and will be addressed on the merits below.

## C.   Equitable Tolling

With respect to Cunningham's untimely claims raised in grounds one and three, the Court finds that equitable tolling is not appropriate. Cunningham did not raise a tolling argument in his response to the motion to dismiss on statute of limitations grounds. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that a petitioner bears the burden of proving that equitable tolling is applicable). The equitable tolling doctrine is granted by courts only "sparingly." *See Robertson*, 624 F.3d at 784. Moreover, "although 'the party asserting statute of

---

[9] Cunningham also complains that he never requested counsel to be appointed and that his right to self-representation was violated. (ECF No. 11 at 4.)

limitations as an affirmative defense has the burden of demonstrating that the statute has run,' the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)(quoting *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

In order to be entitled to equitable tolling, Cunningham must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id*.; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Even if Cunningham was credited with raising an equitable tolling argument, such a claim would not be viable under the circumstances of this case. Between December 8, 2008 – when the state appellate court denied his untimely and procedurally improper motion to amend his application to reopen – and April 28, 2010, Cunningham did nothing in either state or federal court. This time span of almost one and a half years does not reflect a petitioner diligently pursuing his rights. The Sixth Circuit has held that excessive delays in filing shows a lack appropriate diligence. *See e.g. Keeling v. Warden*, 673 F.3d 452, 463-64 (6th Cir. 2012); *Vroman,* 346 F.3d at 605 (stating that a court should be "much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights"). Furthermore, Cunningham did not even attempt to exhaust his claims in state court by pursuing either his direct appeal or application to reopen all the way to the Ohio Supreme Court – another indication of his lack of diligence. A court should be "much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights." *Vroman*, 346 F.3d at 605, *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *accord Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Garrison v. Warren Corr. Inst.*, 1999 U.S. App. LEXIS 13314 (6th Cir. Jun. 10, 1999).

-14-

Without the benefit of equitable tolling, grounds one and three remain untimely and should be dismissed.

**D.  Actual Innocence**

In *McQuiggan v. Perkins*, — U.S. — , 133 S.Ct. 1924, 1928 (2013), the United States Supreme Court recently held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations.  The Court noted that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1).  *Id.* at 1931.  For the actual innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence  – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The Supreme Court explained, however, that "tenable actual-innocence gateway pleas are rare" and that "'[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggan*, 133 S.Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329).  In making this assessment, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schlup*, 513 U.S. at 332).

In the instant case, Cunningham does not appear to argue that he is actually innocent. Although he claims that the verdict forms were insufficient and that he should have been present during an in-chambers conference during a post-conviction hearing, he does not clearly assert a claim of actual innocence.  Even if the Court were to construe Cunningham's response as raising a claim of actual innocence, he has not come forward with any, much less new and reliable,

-15-

evidence of his innocence.

Accordingly, and in light of all of the above, it is recommended that grounds one and three of the instant Petition be dismissed as time-barred.

### IV.  Review on the Merits[10]

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings of the United States Supreme Court.  *See Parker v. Matthews,* 132 S. Ct. 2148, 2012 WL 2076341, *6 (U.S. Jun. 11, 2012); *Renico v Lett,* 559 U.S. –, 130 S.Ct. 1855, 1865-1866 (2010); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005).  However, an explicit statement by the Supreme Court is not mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law."  *Ruimveld*, 404

---

[10]  Respondent has not argued that ground two is unexhausted or procedurally defaulted and the Court will proceed to address the claim on its merits.

F.3d at 1010 (*quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002))  The Supreme Court has indicated, however, that circuit precedent does not constitute "clearly established Federal law, as determined by the Supreme Court."  *Parker*, 2012 WL 2076341, *6; *Howes v. Walker,* 132 S.Ct. 2741, 2012 WL 508160 (2012).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 413.  By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*  However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law.  *Id.* at 410-12.  "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (*citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

In *Harrington v. Richter*, ⸺ U.S. ⸺, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), the Supreme Court held that as long as "fairminded jurists could disagree on the correctness of the state court's decision," relief is precluded under the AEDPA.  *Id*. at 786 (internal quotation marks omitted).  The Court admonished that a reviewing court may not "treat[ ] the reasonableness

-17-

question as a test of its confidence in the result it would reach under *de novo* review," and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 785.  The Court noted that Section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems" and does not function as a "substitute for ordinary error correction through appeal." *Id.* (internal quotation marks omitted).  Therefore, a petitioner "must show that the state court's ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786–87.  This is a very high standard, which the Supreme Court readily acknowledged. *See id.* at 786 ("If this standard is difficult to meet, that is because it is meant to be.")

**A.    Ground Two: Due Process and Right to Self-Representation**

In his second ground for relief, Cunningham asserts that the trial court violated his Sixth Amendment right to self-representation.  (ECF No. 1.)  Cunningham argues that he never requested appointed counsel and that he was not present during what he characterizes a "sham resentencing" held in-chambers and outside his presence. *Id.*  The Court notes the peculiar aspect of Cunningham's claim.  At the December 2, 2010 hearing, the only issue before the trial court was Cunningham's conviction and sentence as it related to count two, because the court previously overruled his *Pelfrey* challenge as to all the other convictions.  (ECF No. 9-1, Exh. 19.)  The trial court's rejection of Cunningham's argument as to the other convictions was subsequently upheld on appeal, and the state appellate court found that his *Pelfrey* claims were barred *by res judicata*. *State v. Cunningham*, 2011-Ohio-5108, 2011 Ohio App. LEXIS 4217 at ¶16 (Ohio Ct. App., Sept. 30, 2011).  As such, Cunningham is challenging his absence at an in chambers conference that

-18-

resulted in the best conceivable outcome for him – the complete dismissal of his conviction on count two, the only issue before the court at that time.[11]  The state appellate court addressed Cunningham's claim as follows:

> Although an accused has a right to be present at every critical stage of the proceedings against him, *Kentucky v. Stincer* (1987), 482 U.S. 730, 745, 107 S. Ct. 2658, 96 L. Ed. 2d 631, due process specifically requires a defendant's presence only "to the extent that a fair and just hearing would be thwarted by his absence." *Snyder v. Massachusetts* (1934), 291 U.S. 97, 108, 54 S. Ct. 330, 78 L. Ed. 674. The court initially convened on December 2, 2010, for a resentencing hearing on Count Two.  Had the resentencing hearing gone forward, appellant's presence would have been required.  *See, e.g.*, Crim.R. 43(A)(1).  After considering the record and conducting an impromptu "in-chambers" discussion with the prosecutor and appointed counsel, however, the court determined that appellant's conviction was structurally invalid and vacated the jury's verdict.  As no resentencing occurred and the in-chambers discussion culminated in a result favorable to appellant, we hold appellant received fair and just treatment. Appellant therefore suffered no deprivation of due process.

> [*P21]  Appellant's fifth assignment of error is overruled.

*State v. Cunningham*, 2011-Ohio-5108, 2011 Ohio App. LEXIS 4217 at ¶¶20-21 (Ohio Ct. App., Sept. 30, 2011).

Respondent argues that the state appellate court's determination, that "no resentencing occurred," is essentially an interpretation of state law which a federal habeas court must accept. (ECF No. 9 at 27.)  The Court agrees, as "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).  Moreover, as explained by one circuit court, the right to be

---

[11]  Though undoubtedly Cunningham prefers that all of his convictions would have been thrown out or reduced in degree, his other convictions simply were not the subject of the hearing.  As such, the complete dismissal of his conviction and sentence on count two was Cunningham's best-case scenario.

-19-

present at a criminal proceeding is not unqualified:

> A leading principle that pervades the entire law of criminal procedure is that, after indictment found, nothing shall be done in the absence of the prisoner. *United States v. Canady*, 126 F.3d 352, 360 (2d Cir. 1997) (quoting *Lewis v. United States*, 146 U.S. 370, 372, 13 S. Ct. 136, 36 L. Ed. 1011 (1892)).  The right to presence is scarcely less important to the accused than the right of trial itself.  *Diaz v. United States*, 223 U.S. 442, 455, 32 S. Ct. 250, 56 L. Ed. 500 (1912).  It is rooted to a large extent in the Confrontation Clause of the Sixth Amendment, *United States v. Gagnon*, 470 U.S. 522, 526, 105 S. Ct. 1482, 84 L. Ed. 2d 486 (1985) (*per curiam*), but due process also protects the right of a defendant to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge, *Snyder v. Massachusetts*, 291 U.S. 97, 105-06, 54 S. Ct. 330, 78 L. Ed. 674 (1934), *overruled in part on other grounds by Malloy v. Hogan*, 378 U.S. 1, 84 S. Ct. 1489, 12 L. Ed. 2d 653 (1964).  The right is not unqualified, and it does not exist where the defendant's presence would be useless, or the benefit but a shadow.  *Snyder*, 291 U.S. at 106-07.  But at all stages of the proceedings where fundamental fairness might be thwarted by [the defendant's] absence, there is a right to be present.  *Faretta v. California*, 422 U.S. 806, 816, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).

*Grayton v. Ercole*, 691 F.3d 165, 170 (2d Cir. N.Y. 2012) (footnotes and internal quotation marks omitted).

Cunningham was not deprived of due process by his absence from an in-chambers conference resulting in the dismissal of his conviction on count two.  His presence was unnecessary, because he received the best possible result.  Certainly, Cunningham would not have objected to the dismissal of the conviction.  To the extent Cunningham would have liked to have his other convictions reconsidered and his *Pelfrey* challenge revisited, previously denied challenges were not before the court.[12]  Cunningham has not cited any clearly established federal law as set forth by the Supreme Court, and this Court has found no law that suggests a defendant

---

[12]  Based on the state appellate court's subsequent decision that the *Pelfrey* challenges were barred by *res judicata*, it is questionable whether the trial court had jurisdiction to reconsider such claims.

-20-

has a right to be present at a proceeding where the sole action that transpired is the dismissal of the

only charge for which resentencing was contemplated.

This Court cannot find that the state court's application of federal law was objectively

unreasonable.  As such, it is recommended that ground two be denied as it is without merit.

### V.  Conclusion

For the foregoing reasons, it is recommended that grounds one and three be

DISMISSED as time barred, and ground two DENIED as meritless.

/s/ Greg White
U.S. Magistrate Judge

Date: April 24, 2014

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-21-